# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BANK OF AMERICA FUNDING 2006-D TRUST,

Plaintiff,

vs.

1727 N LAMONT TRUST; LA MONTANA HOMEOWNERS ASSOCIATION,

Defendants.

2:16-cv-00442-JAD-VCF

**ORDER**

Before the court is the Motion to Withdraw as Counsel of Record for Alessi & Koenig, LLC (ECF No. 49). Loizzi states that Alessi & Koenig, LLC dissolved in April 2016 and filed for Chapter 7 Bankruptcy on December 12, 2016. Alessi & Koenig no longer has funds to pay for representation. After Alessi & Koenig dissolved, Loizzi states that it did not request or sign new retainers with him or his firm HOA Lawyers Group, LLC. *Id* at 3. Loizzi states that the filing of bankruptcy by Alessi & Koenig had the effect of discharging him from representation. *Id* at 4.

**Discussion:**

Under Local Rule 7-2(d), [t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. Here, no opposition has been filed and the time to oppose has passed.

Pursuant to Local Rule IA 11-6(b), "[n]o attorney may withdraw after appearing in a case except by leave of court after notice has been served on the affected client and opposing counsel." "Except for

good cause shown, no withdrawal or substitution shall be approved if delay of discovery, the trial or any hearing in the case would result." LR IA 11-6(e). Here, based on counsel's representation, it appears that Alessi & Koenig, through the bankruptcy trustee and her attorney, does not intend to participate further in this case. *See* ECF No. 49 at 20-21 (correspondence related to other cases instructing that "defaults may be taken"). To the extent that is not true, a notice so indicating must be filed within 14 days. Otherwise, the parties may seek appropriate relief regarding Alessi & Koenig's non-participation once the court lifts the stay currently in place, the Court permits counsel to withdraw. LR IA 11-6(e).

28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally." *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Although individuals may represent themselves pursuant to this statute, a corporation is not permitted to appear in Federal Court unless it is represented by counsel. *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). An individual also does not have the right to appear on behalf of anyone other than himself. *Pope*, 818 F.2d at 697. The Ninth Circuit has permitted motions to strike and motions to dismiss pleadings filed by pro se parties on behalf of entities including trusts. *Id.* at 698; *United States v. Nagy*, C11-5066BHS, 2011 WL 3502488 (W.D. Wash. Aug. 10, 2011). Alessi & Koenig may not proceed *pro se*, as corporations must be represented by counsel.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the Motion to Withdraw as Counsel of Record for Alessi & Koenig, LLC (ECF No. 49) is GRANTED.

IT IS FURTHER ORDERED that Mr. Loizzi must mail a copy of this order to Alessi & Koenig, LLC.

IT IS FURTHER ORDERED that Alessi & Koenig must file a notice of appearance of counsel on or before October 26, 2018.

The Clerk of Court is directed to mail a copy of this Order to the following address:

Alessi & Koenig, LLC
9500 W. Flamingo Road, Ste. 205
Las Vegas, Nevada 89147

IT IS SO ORDERED.

DATED this 5th day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE