# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. Bank National Association, as Trustee for the Banc of America Funding 2006-D Trust, | Case No. 2:16-cv-00442-JAD-VCF |
| Plaintiff<br>v. | **Order Dismissing Action** |
| 1727 N Lamont Trust, et al.,<br>Defendants | |

In August 2016, the court stayed this case sua sponte pending the conclusion of Ninth Circuit proceedings in a case with dispositive issues.[1] When lifting that stay, dismissing the plaintiff's claims, and quieting title in favor of the plaintiff based on the parties' stipulation, the court gave Counterclaimant/Third Party Plaintiff 1727 N. Lamont Trust until April 26, 2019, to move to lift the stay or dismiss all remaining claims.[2] That deadline passed without any filing whatsoever.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action based on a party's failure to prosecute it, failure to obey a court

---

[1] ECF No. 43.

[2] ECF No. 57 at 3.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

order, or failure to comply with local rules.[4]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

I find that these factors weigh in favor of dismissing this case for want of prosecution and failing to comply with the court's order.  The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that all remaining claims in this action are DISMISSED without prejudice.  The Clerk of Court is directed to CLOSE THIS CASE.

Dated: May 3, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).